# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| RICHARD MELTON, <br><br> Plaintiff, <br><br> vs. <br><br> SPECTRUM MEDICAL; ANGELA LOHSE (Director of Health Services); GREG SCOTT, M.D.; JESSE K.; CASCADE COUNTY DETENTION CENTER, <br><br> Defendants. | Cause No. CV 11-00024-GF-SEH-RKS <br><br><br> ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Pending are Plaintiff Richard Melton's Motion to Proceed in Forma Pauperis (C.D. 1) and a proposed civil rights Complaint (C.D. 2). The Motion to Proceed in Forma Pauperis will be granted and the Complaint recommended for dismissal for failure to state a claim upon which relief may be granted.

## I. JURISDICTION AND VENUE

The Court has personal jurisdiction over the named parties. This action presents a controversy over whether Defendants, acting under color of state law,

violated Mr. Melton's federal constitutional rights by denying adequate medical care thereby subjecting Defendants to liability under 42 U.S.C. § 1983. Accordingly, the case presents a federal question over which the Court possesses jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 and Local Rule 1.11(a)(2)(C).

This proceeding was referred to this Court pursuant to Local Rule 73 and 28 U.S.C. § 636(b)(1).

## II.  MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Melton submitted a declaration and an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Melton is required to pay the statutory filing fee of $350.00. Mr. Melton submitted account statements showing average monthly deposits of $127.48 over the six months immediately preceding the filing of this action. Therefore, an initial partial filing fee of $25.50 will be assessed by this Order. *See* 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits). By separate order,

the Court will direct the appropriate agency to collect the initial partial filing fee from Mr. Melton's account and forward it to the Clerk of Court.

Thereafter, Mr. Melton will be obligated to make monthly payments of 20% of the preceding month's income credited to Mr. Melton's prison trust account. The percentage is set by statute and cannot be altered. *See* 28 U.S.C. § 1915(b)(2). By separate order, the Court will direct the agency having custody of Mr. Melton to forward payments from Mr. Melton's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## III. STATEMENT OF CASE

### A. PARTIES

Mr. Melton is a prisoner proceeding without counsel. He is incarcerated at the Cascade County Detention Center in Great Falls, Montana. The named defendants are Spectrum Medical; Angela Lohse, Director of Health Services for Spectrum Medical and the Cascade County Detention Center; Gregg Scott, Nurse Practitioner for Spectrum Medical and the Cascade County Detention Center; Bob Edwards, Sheriff of Cascade County; Jesse K, a registered Nurse at Spectrum Medical and the Cascade County Detention Center; and the Cascade County Detention Center. (C.D. 2, pp.4-5).

B.  ALLEGATIONS

Mr. Melton alleges he injured his ankle while playing basketball on December 21, 2010. He indicates he waited two weeks before seeing a doctor and his foot was unrecognizable for four weeks. He contends nursing seemed to ignore all requests for relief. He states he did not receive crutches or an air cast until four or five weeks later and he still suffers from severe pain in his ankle.

Based upon these facts, Mr. Melton is suing Defendants for not providing him with timely and adequate medical attention. He also alleges cruel and unusual treatment.

## IV. SCREENING PER 28 U.S.C. § 1915(e)(2)

As Mr. Melton is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a complaint before it is served upon the defendants if it is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting

under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. 544. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). The "plausibility standard" is guided by "[t]wo working principles." *Iqbal,* 129 S.Ct. at 1949. First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives" and "[d]etermining whether a complaint states a plausible claim for relief will, . . . , be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 129 S.Ct. at 1950. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal,* 129 S.Ct. at 1949 (internal quotation marks and citation omitted).

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations. *Iqbal,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 129 S.Ct. at 1950.

Even after *Twombly*, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers'." *Erickson*, 127 S.Ct. at 2200; *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"); *see also Hebbe v. Pliler*, 627 F.3d 338 (9th Cir. 2010)(pro se filings construed liberally when evaluating them under *Iqbal*).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

## V. ANALYSIS

Since Mr. Melton is in a county detention facility it is not clear whether he is a convicted prisoner or a pretrial detainee. Therefore, it is unclear whether his claims should be evaluated under the Eighth Amendment or the Fourteenth Amendment of the United States Constitution. "Claims by pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause, rather than under

the Eighth Amendment." *Frost v. Agnos*, 152 F.3d 1124, 1128 (1998) (citing *Bell v. Wolfish,* 441 U.S. 520, 535, n. 16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)). But "[b]ecause pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment" the same standards apply to both. *Frost*, 152 F.3d at 1128.

The Eighth Amendment requires that prisoners receive adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). To state an arguable section 1983 claim for failure to provide medical care, a prisoner must allege that a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106; *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986).

Deliberate indifference under the Eighth Amendment involves the consideration of two elements: "[1] the seriousness of the prisoner's medical need[;] and [2] the nature of the defendant's response to that need." *McGuckin*, 974 F.2d at 1059; *see also Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003). That is, a plaintiff must demonstrate "'objectively, sufficiently serious'

harm and that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care. Thus, there is both an objective and a subjective component to an actionable Eighth Amendment violation." *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002)(citing *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995)).

The objective component of deliberate indifference requires the showing of a serious medical need. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'." *McGuckin*, 974 F.2d at 1059 (9th Cir. 1992) (quoting *Estelle*, 429 U.S. at 104); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

The subjective component of deliberate indifference considers the nature of the defendant's response to the serious medical need and whether the defendant had a culpable mental state, which is "'deliberate indifference' to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998)(quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). "[T]he official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "[T]he official's conduct must have been 'wanton,' which turns not upon its

effect on the prisoner, but rather, upon the constraints facing the official." *Frost*, 152 F.3d at 1128 (quoting *Wilson v. Seiter*, 501 U.S. 294, 302-303 (1991)). "This second prong-defendant's response to the need was deliberately indifferent-is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 citing *McGuckin*, 974 F.2d at 1060. "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Id.*

It is clear from the face of Mr. Melton's Complaint and the attached exhibits that there is not a sufficient showing of deliberate indifference. *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.) (documents attached to complaint are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim), *cert. denied*, 484 U.S. 944 (1987). Although Mr. Melton may have had a condition which required medical treatment, he admits in his Complaint and in the grievances attached thereto that the medical staff at the detention center were attempting to address those concerns.

Mr. Melton injured his ankle playing basketball on December 21, 2010.

Soon thereafter Mr. Melton was evaluated by medical staff and advised to take ibuprofen, ice his ankle, and keep it elevated. On December 24, 2010, Mr. Melton submitted a grievance indicating the pain was intolerable and his foot was swollen beyond recognition. He was apparently advised by Defendant Jesse that nothing could be done until December 28 when the provider returned. (C.D. 2-1, p. 1).

On December 27, 2010, Mr. Melton filed a medical grievance indicating he had a broken foot and asked why the jail was refusing him ibuprofen. The request was responded to on December 28, 2010 with an indication that the ibuprofen had been continued, he had been scheduled for an x-ray, and he would be seen by the provider. (C.D. 2-1, p. 4).

On January 12, 2011, Mr. Melton requested a check up on his foot because it was still pretty unstable. The response indicated his x-ray was negative for a fracture but there was soft tissue damage which could take 6-8 weeks to heal. He was advised to elevate his foot and rest it when it gave him discomfort. (C.D. 2-1, p. 6).

On January 18, 2011, Mr. Melton sent a medical request indicating he was still not receiving proper treatment. Defendant Angela Lohse advised him in response to continue doing what the nurses told him to do to control the pain.

(C.D. 2-1, p. 3).

Based upon Mr. Melton's Complaint and the exhibits attached thereto, it is clear Defendants were responsive to Mr. Melton's requests. Although Mr. Melton may not have received the treatment he wanted as soon as he wanted it, he was seen immediately by medical staff and given a recommended course of treatment. It is not apparent that Mr. Milton has even pleaded enough facts to state a claim for malpractice for what appears to be a sprained ankle. However, ordinary medical malpractice is not enough to state an Eighth Amendment claim. *Estelle*, 429 U.S. at 106. A difference of opinion between medical professionals and the prisoner concerning the appropriate course of treatment does not amount to malpractice, much less deliberate indifference. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Mr. Melton received an x-ray on his ankle sometime before January 12, 2011 and according to the grievance response the x-ray indicated his ankle was not broken. Another indication that Defendants were not deliberately indifferent is that Mr. Melton was provided with crutches and an air cast within five weeks of his injury. Defendants were not ignoring Mr. Melton's medical needs. He may not agree with the treatment given but he was provided treatment. His allegations do

not rise to the level of deliberate indifference and as such they fail to state a claim for denial of medical care.

## VI. CONCLUSION

Mr. Melton has failed to state a claim upon which relief could be granted. Based upon the Complaint and the documents attached thereto, it is clear that the defects set forth above could not be cured by amendment. Accordingly, Mr. Melton's Complaint should be dismissed with prejudice.

### A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This case should be designated as a "strike" under this provision because Mr. Melton has failed to state a claim.

### B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
    (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds

> that the party is not otherwise entitled to proceed in forma
> pauperis and states in writing its reasons for the certification or
> finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The finding that Mr. Melton failed to state a claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

Accordingly, the Court issues the following:

## ORDER

1. Mr. Melton's Motion for Leave to Proceed in Forma Pauperis (C.D. 1) is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed on April 15, 2011.

3. At all times during the pendency of this action, Mr. Melton SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Melton has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

### RECOMMENDATIONS

1. Mr. Melton's Complaint should be dismissed for failure to state a claim upon which relief may be granted. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the

Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Mr. Melton's failure to state a claim upon which relief can be granted.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Mr. Melton's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO
### FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Melton may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's

Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 16th day of May, 2011.

    /s/ Keith Strong
Keith Strong
United States Magistrate Judge